United States District Court
Southern District of Texas
**ENTERED**
July 12, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELRAY VILLA GONZALEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-22-2283 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition under 28 U.S.C. § 2254 challenging the constitutionality of his 2018 conviction and life sentence for capital murder. Respondent filed an answer with a motion to dismiss based on expiration of limitations. (Docket Entry No. 25.) The Court granted petitioner's motion for an extension of time to respond to the motion to dismiss, but petitioner has not filed a response and the motion is unopposed.

Having considered the petition, the answer, the motion to dismiss, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** this habeas lawsuit as barred by limitations.

**I. BACKGROUND AND CLAIMS**

Petitioner pleaded guilty to capital murder pursuant to a plea bargain agreement and was sentenced to life imprisonment without parole on January 26, 2018. No direct appeal

was taken. Petitioner's *pro se* application for state habeas relief, filed with the trial court no earlier than November 18, 2019, was denied by the Texas Court of Criminal Appeals on March 30, 2022.

Petitioner filed the instant federal habeas petition on July 5, 2022, raising claims for ineffective assistance of counsel, trial court error, and an involuntary guilty plea. Respondent argues that petitioner's claims are barred by the applicable one-year statute of limitations and that the petition should be dismissed.

## II. AEDPA STATUTE OF LIMITATIONS

This habeas petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

Petitioner did not appeal his conviction, and the conviction became final for purposes of AEDPA thirty days later on February 26, 2018. The AEDPA one-year limitation expired on February 26, 2019. Petitioner's application for state habeas relief, filed no earlier than November 18, 2019, was filed after expiration of limitations and provides him no statutory tolling benefit. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Finally, Scott's habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitations had expired."). Consequently, the instant federal habeas petition, filed on July 5, 2022, is untimely by over three years.

The factual bases for petitioner's claims were known to him prior to or during trial, and neither the petition nor the state court record evince an alternative, later date on which the factual predicate for his claims could have been discovered through the exercise of due diligence. Moreover, his petition does not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review, nor

does the record does reflect that any unconstitutional "State action" impeded petitioner from filing for federal habeas relief prior to expiration of limitations. Thus, the provisions of 28 U.S.C. § 2244(d)(1)(B), (C), and (D) do not apply.

Petitioner argues in his petition that the petition was untimely because he was committed to a mental health institution upon conviction and "could not comprehend the effect of any legal proceeding." (Docket Entry No. 1, p. 9.) The state court record provides no factual support for petitioner's argument of mental incapacity. To the contrary, petitioner's trial defense team included a court-appointed neuropsychologist (Dr. Temple) and a mitigation expert (Ms. Mockeridge). (Docket Entry No. 26-9, p. 10.) Although Dr. Temple's evaluation of petitioner's mental health revealed certain mental health issues, the issues did not provide a defense to the criminal charges. At the time of the criminal offense, petitioner was not suffering from a severe mental disease or defect which caused him not to know that his conduct was wrong; his mental health issues were manifested by petitioner's repeated criminal conduct, drug and/or alcohol abuse, and antisocial conduct. *Id.* The state trial court made findings of fact supporting these facts. *Id.*, pp. 169–170. In letters written to Ms. Mockeridge and trial counsel on May 23, 2018, following his TDCJ incarceration, petitioner thanked them for their help and said he was settling in and getting readjusted to prison life. *Id.*, pp. 20–21. To any extent petitioner is claiming that mental health issues prevented him from timely filing his habeas petition, his allegation is conclusory, unsupported in the record, and provides no basis for holding his habeas petition timely filed.

4

For the above reasons, petitioner does not demonstrate entitlement to equitable tolling. Petitioner fails to identify any particular time period for which he seeks equitable tolling. Further, his general, conclusory assertions of being mentally unable to file timely legal pleadings in state court until November 18, 2019, and in federal court until July 5, 2022, do not meet the standards for equitable tolling. A claim of mental incapacity may support equitable tolling only if the mental impairment precluded the prisoner from asserting his legal rights. *Fisher v. Johnson*, 174 F.3d 710, 715–716 (5th Cir. 1999). The Fifth Circuit Court of Appeals has held that for mental illness to "warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013) (holding equitable tolling was not proper where regardless of any mental illness, petitioner had pursued, without assistance of counsel, both state and federal habeas relief) (collecting cases). *See also Smith v. Johnson*, 247 F.3d 240 (5th Cir. 2001) (holding that equitable tolling is only appropriate in exceptional circumstances when the prisoner has presented sufficient facts to show that mental illness precluded him from asserting his rights). Petitioner's unsupported allegations of general incompetence do not satisfy this burden of proof.

As petitioner establishes neither statutory or equitable tolling, his untimely habeas petition must be dismissed as barred by the AEDPA one-year statute of limitations.

## III.  CONCLUSION

Respondent's motion to dismiss predicated on expiration of limitations (Docket Entry No. 25) is **GRANTED**.  This lawsuit is **DISMISSED WITH PREJUDICE** as barred by the AEDPA one-year statute of limitations.  All pending motions are **DENIED AS MOOT**.  A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on _____ JUL 1 0 2023 _____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE